IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **DARRELL AVERY, #357-310,** | * | |
| | * | |
| Petitioner, | * | |
| v. | * | Civil Action No. RWT-12-3612 |
| | * | |
| **J. PHILIP MORGAN,** *et al.*, | * | |
| | * | |
| Respondents. | * | |
| | *** | |

## MEMORANDUM OPINION

On December 10, 2012, the Court originally received for filing Petitioner's *pro se* 28 U.S.C. § 2254 Petition for writ of habeas corpus. ECF No. 1. A Court-ordered Supplemental Petition was filed on January 16, 2013. ECF No. 5. This is the second § 2254 petition filed by Petitioner to attack his 2009 conviction and life sentence imposed by the Circuit Court for Baltimore County, Maryland.[1] He seemingly raises grounds going to the effectiveness of counsel, the voluntariness of the plea, and sentencing court violations of the plea agreement. ECF Nos. 1 & 5. On January 16, 2013, the Court ordered Respondents to file an Answer to the Petition, and also granted Petitioner time to file a reply. ECF No. 4. Respondents' Answer solely addresses the successiveness of Petitioner's application.[2] ECF No. 6.

Under 28 U.S.C. § 2244, Petitioner may only file a second or successive habeas corpus petition if he has first moved the appropriate court for an order authorizing the district court to consider his application. *See* 28 U.S.C. § 2244(b)(3); *Felker v. Turpin*, 83 F.3d 1303, 1305-07 (11th Cir. 1996). Petitioner's first § 2254 application was dismissed as untimely. ECF No. 6 at Ex. 1. This constitutes a decision on the merits that renders future § 2254 petitions challenging the same conviction second or successive petitions under § 2244(b). *See Quezada v. Smith*, 624 F.3d 514,

---

[1] *See Avery v. Shearin, et al.*, Civil Action No. RWT-11-330 (D. Md.)

[2] Although afforded the opportunity, Petitioner has not filed a reply.

519-20 (2d Cir. 2010); *McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009). The pending Petition is successive and this Court may not consider it unless the United States Court of Appeals for the Fourth Circuit enters an order authorizing this Court to do so. *See* 28 U.S.C. § 2244(b)(3)(A); *see also In re Vial*, 115 F.3d 1192, 1197-98 (4th Cir. 1997). Because it does not appear that Petitioner has complied with this "gatekeeper" provision, the pending application for habeas corpus relief must be dismissed pursuant to 28 U.S.C. § 2244(b)(3).

The United States Court of Appeals for the Fourth Circuit has set forth instructions for the filing of a "motion" to obtain the aforementioned authorization Order. The procedural requirements and deadlines for filing the motion are extensive. Consequently, this Court has attached hereto a packet of instructions promulgated by the Fourth Circuit which addresses the comprehensive procedure to be followed should Petitioner wish to seek authorization to file a successive petition. It is emphasized that Petitioner must file the motion with the Fourth Circuit and obtain authorization to file his successive petition before this Court may examine his claims.

Petitioner must satisfy the provisions of 28 U.S.C. § 2253(c) before a Certificate of Appealability may issue. Section 2253 provides that a Certificate of Appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner is not required to show that he would prevail on the merits. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court dismisses a habeas petition solely on procedural grounds, a Certificate of Appealability will not issue unless the petitioner can "demonstrate both (1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rouse v. Lee*, 252 F.3d 676, 684-85 (4th Cir. 2001) (quoting *Slack*, 529 U.S. at 484). The denial of a Certificate of

Appealability does not preclude a petitioner from seeking permission to file a successive petition or from pursuing his claims upon receiving such permission. Because Petitioner has not made a substantial showing of the denial of his constitutional rights, this Court will not issue a Certificate of Appealability.

    For the reasons set forth herein, the Court is without jurisdiction to review the instant Petition and the Petition shall be dismissed. A separate order shall be entered reflecting the ruling.

Date: <u>February 28, 2013</u>                      <u>     /s/     </u>
                                                                 ROGER W. TITUS
                                             UNITED STATES DISTRICT JUDGE